**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50474
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA VASQUEZ-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1822-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Priscilla Vasquez-Garcia appeals her convictions for importation of 500 grams or more of cocaine and possession with intent to distribute 500 grams or more of cocaine. Vasquez-Garcia argues that the evidence was not sufficient to show that she had knowledge of the cocaine that was concealed in the air filter space of her vehicle.

Although Vasquez moved for a judgment of acquittal at the close of the Government's case, the record does not reflect that she renewed her motion at the close of all evidence. Therefore,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court must apply the stricter standard in determining the sufficiency of the evidence. United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002). "[T]he court reviews the evidence only to determine whether there has been a manifest miscarriage of justice, which occurs only when the record is devoid of evidence of guilt." Id.

A conviction for the offense of possession of cocaine with intent to distribute requires proof that the defendant knowingly possessed cocaine with intent to distribute it. United States v. Gourley, 168 F.3d 165, 169 (5th Cir. 1999). Conviction of the offense of importation of cocaine requires proof that the defendant played a role in bringing a quantity of cocaine into the United States from a place outside the United States; the defendant knew the substance was cocaine; and the defendant knew the substance would enter the United States. United States v. Moreno, 185 F.3d 465, 471 (5th Cir. 1999). To establish either the possession or importation offense, the Government must adduce sufficient evidence of "guilty knowledge." Id.

Generally, a jury may infer knowledge of the presence of drugs from the defendant's control of the vehicle in which the drugs are found. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). However, when drugs are hidden, the court requires additional circumstantial evidence of guilty knowledge. Id. Evidence of guilty knowledge may include implausible or inconsistent statements, nervousness,

less-than-credible explanations, or reluctance to answer questions.  Id.; United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002).  Possession of large amounts of drugs also indicate knowledge of hidden contraband.  United States v. Del Aguila-Reyes, 722 F.2d 155, 157 (5th Cir. 1983).  A juror could infer that it would be unlikely that a drug smuggler would entrust a large quantity of drugs to a person with no knowledge of their presence.  Id.

The record is not devoid of evidence of Vasquez's guilt. Vasquez gave inconsistent statements during her interviews with the officers or totally evaded questions asked of her.  Vasquez was transporting drugs having a street value of $250,000 to $300,000, indicating that she was a trusted courier.  It was highly implausible that a stranger in Juarez chose to smuggle the drugs in Vasquez's vehicle without knowledge of her identity or intended destination.

A review of the record thus shows that it is not devoid of evidence of Vasquez's guilt and does not show that the guilty verdict resulted in a manifest miscarriage of justice.  Green, 293 F.3d 886, 895 (5th Cir. 2002).

AFFIRMED.